

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00099-CR

WINDELL MORIS, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 23-0387X

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Windell Moris, Jr., discovered text messages suggesting that his girlfriend, Camri Johnson, had been unfaithful, and he confronted her about them when she came home. Moris repeatedly stabbed Johnson with a kitchen knife. Moris entered an open plea of guilty to murder and elected to be sentenced by a jury. The jury was given the option to find that Johnson's murder was the result of sudden passion, and in the event of such a finding, to assess Moris's punishment of not less than two years, nor more than twenty. The jury found that Johnson's murder was not the result of sudden passion. The jury assessed Moris's punishment as life in prison. *See* TEX. PENAL CODE ANN. § 19.02 (Supp). Moris appeals.

Moris's appellate counsel filed a brief pursuant to *Anders v. California*, asserting that the appeal is without merit and that no reversible error appears in the record. *See Anders v. California*, 386 U.S. 738 (1967). We have conducted an independent review of the entire record and the *Anders* brief. We affirm the trial court's judgment.

Moris's appellate counsel has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief outlines the procedural history of the case and summarizes the evidence presented during the trial court proceedings. Since Moris's appellate counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders*. *Anders*, 386 U.S. at 743–44; *Kelly v. State*, 436 S.W.3d 313, 318 (Tex. Crim. App. 2014). Moris's appellate counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

2

On September 10, 2025, appellate counsel mailed to Moris copies of the brief, the motion to withdraw, and the appellate record. Moris was informed of his right to review the record and file a pro se response.

By order dated October 2, 2025, this Court informed Moris that his pro se response was due on or before November 17, 2025. On December 9, 2024, we further informed Moris that the case would be set for submission on December 30, 2025. We received neither a pro se response from Moris nor a motion requesting an extension of time in which to file such a response.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that no reversible error exists, we must affirm the trial court's judgment. *Id.*

We affirm the trial court's judgment.[1]

Jeff Rambin
Justice

Date Submitted:     December 30, 2025
Date Decided:       May 28, 2026

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.